USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1180 JOSEPH D. FORD, JR., AND DEBORAH FORD, Plaintiffs, Appellants, v. JOSEPH D. FORD AND CME ASSOCIATES, INC., AS IT IS THE GENERAL PARTNER OF CME GROUP, LTD., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ E. James Veara with whom Sarah A. Turano-Flores and Zisson & ______________ ______________________ ________ Veara were on brief for appellants. _____ Judith G. Dein, with whom James J. Arguin, Warner & Stackpole. ______________ _______________ ___________________ LLP ___ and Christopher Nolland were on brief for appellee. ___________________ ____________________ November 7, 1996 ____________________ Per Curiam. Upon careful consideration of the __________ arguments, the briefs and the record, we affirm the judgment of the district court for essentially the reasons set out in the district court's opinion. Appellants argue that the district court erred by refusing to impose a constructive trust based on the theory of unjust enrichment. They also insist that Joseph D. Ford, Jr.'s wife, Deborah, has presented proof of her own equitable ownership of the contested premises sufficient to undercut the legal effect of her husband's individual quitclaim conveyance. The lower court, however, grasped the appellants' basic contentions and ruled correctly as to each.  We see no viable theory under which Joseph D. Ford, Jr. and Deborah Ford can successfully claim an equitable interest in the property, however labeled, especially against CME, a creditor of Joseph D. Ford, Sr. and a mortgagee that was not privy to any alleged private understandings between the junior and senior Fords. Joseph D. Ford, Jr. deeded the property back to his father as part of a comprehensive settlement by quitclaim deed which, under Massachusetts law, conveys all right, title and interest in property. Fales v. Glass, 9 Mass. App. Ct. _____ _____ 570, 573-74, 402 N.E. 2d 1100, 1102-03 (1980). Nothing in the Stipulation Agreement, including the Fords' general reservation of rights, gave Joseph D. Ford, Jr. a right to -2- repudiate the deed which it authorized him to record. Had Ford, Jr. wished to preserve a right to pursue his present claims, he should have made express provision to do so instead of deeding all his interest back to his father.  There is, moreover, as the district court stated, insufficient evidence to support Deborah Ford's claim that she acquired an equitable interest in the property such as would permit her to repudiate her husband's quitclaim deed and overturn CME's mortgage interest. Her marriage to Ford, by itself, did not suffice. Affirmed. ________  -3-